104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Arnold APPELL and Leonard Appell, Plaintiffs-Appellants,
v.
FLEET NORSTAR/FINANCIAL GROUP, Fleet Bank, N.A., William
Bannet, III, Bradford R. Boss, Charles W. Carey, James J.
Chandler, Paul J. Choquette, Jr., P. Emery Covington, Edward
J. Devin, Peter C. Fitts, John W. Flynn, Irving J. Goss,
James F. Hardymon, Richard A. Higginbotham, Robert J.
Higgins, Dean T. Holt, Peter L. Hood, Richard H. Jones,
Robert M. Kavner, Lafayette Keeney, R. Douglas Keena,
Raymond C. Kennedy, Robert W. Lougee, Jr., Harold A.
MacKinney, Jr., Eugene M. McQuade, Arthur C. Milot, James P.
Murphy, Terrence Murray, Robert L. Mushkin, William C.
Mutterperl, Robert L. Nellson, John P. O'Brien, Thomas D.
O'Connor, Frank H. Odell, Richard R. Pannone, Michael P.
Picotte, James J. Preble, John D. Reardon, John A. Reeves,
John A. Riedman, John B. Robertson, H.J. Sarles, John S.
Scott, Thomas J. Skala, Robert P. Straetz, Robert L.
Weisberg, Michael R. Zucchini, Does 1-20, Geoffrey J. Vitt
and Brooks McNally Whittington Platto & Vitt, Defendants-Appellees.
 No. 96-7185.
 United States Court of Appeals, Second Circuit.
 Nov. 18, 1996.
 
 Appeal from the United States District Court for the District of Vermont.
 APPEARING FOR APPELLANTS: ARNOLD APPELL, PRO SE, WINDSOR, VERMONT
 APPEARING FOR APPELLEES: GEOFFREY JUDD VITT, ESQ. NORWICH, VERMONT
 D.Vt.
 VACATED.
 Present: FEINBERG, WALKER, Jr., and CABRANES, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont (Murtha, J.), and was submitted.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED AND REMANDED.
 
 
 1
 Appellants Arnold Appell and Leonard Appell (the "plaintiffs"), appearing pro se, appeal from an order of the district court dismissing their amended complaint and denying their motion to remand to state court.
 
 
 2
 On October 11, 1995, the plaintiffs filed an action against Fleet Bank-New Hampshire, and 49 related entities, directors, and officers of Fleet Bank (the "Fleet defendants") in the Superior Court of Windsor County, Vermont. The complaint alleged numerous fraud and tort claims that allegedly arose from Fleet Bank's auction of two properties in New Hampshire. On October 25, 1995, the Fleet defendants properly removed the action to the United States District Court for the District of Vermont on the basis of diversity. On November 3, 1995, the plaintiffs filed an amended complaint in the district court, adding a malicious prosecution claim against Geoffrey Vitt and Brooks, McNally, Whittington, Platto and Vitt, counsel for Fleet Bank (the "Vitt defendants"). This newly added claim arose out of Leonard Appell's arrest and subsequent prosecution for trespass on one of the two Fleet properties at issue in the plaintiffs' claims against the Fleet defendants.
 
 
 3
 On November 20, 1995, all defendants moved to dismiss the amended complaint. On December 5, 1995, the plaintiffs filed a motion to remand the action to Windsor Superior Court on the ground that, because both the plaintiffs and the Vitt defendants were citizens of Vermont, complete diversity had been destroyed. On December 11, 1995, the Fleet defendants filed a memorandum in opposition to the plaintiffs' motion to remand. On February 1, 1996, without first deciding the plaintiffs' remand motion, the district court granted the defendants' motion to dismiss the complaint--including the claims against the allegedly nondiverse defendants--on grounds of res judicata. The motion to remand was denied as moot.
 
 
 4
 The appellants now contend that the district court lacked subject matter jurisdiction to decide the merits of their claims.
 
 
 5
 This court conducts a de novo review of a district court's grant of a motion to dismiss for failure to state a claim. Valley Disposal, Inc. v. Central Solid Waste Management Dist., 31 F.3d 89, 93 (2d Cir.1994). This court also reviews de novo a district court's assertion of subject matter jurisdiction upon removal. United States v. Forma, 42 F.3d 759, 762 (2d Cir.1994).
 
 
 6
 It is well established that if the district court permits joinder of a nondiverse party, diversity jurisdiction is destroyed, and the case must be remanded to state court. 28 U.S.C. § 1332; Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir.1992) (complete diversity is required between all plaintiffs and defendants). Therefore, the plaintiffs' amended complaint, which included the nondiverse Vitt defendants, destroyed diversity, and in so doing, deprived the district court of jurisdiction to consider the defendants' motion to dismiss on res judicata grounds.
 
 
 7
 The court erred in considering the merits of the defendants' motion prior to resolving the jurisdictional issues presented in the motion to remand. Accordingly, the judgment of the district court is hereby VACATED and REMANDED, and the district court is directed to determine the issues presented in the motion to remand. If the district court determines that joinder of the Vitt defendants was improper, then the claim against them must be dismissed for want of diversity jurisdiction, and the district court may determine the issues raised in the Fleet defendants' motion to dismiss. If the district court does not conclude that joinder was improper, then the district court is directed to enter an order remanding the entire case to state court for want of diversity jurisdiction.